IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY E. RILEY, | ) |
| Plaintiff(s), | ) No. C 07-1181 TEH (PR) |
| vs. | ) ORDER OF DISMISSAL |
| BRANDON SMITH, et al, | ) (Docket no. 2) |
| Defendant(s). | ) |

Plaintiff, currently incarcerated at the Santa Rita County Jail, in Dublin, California, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 seeking damages for the allegedly unconstitutional actions of police officers from Berkeley, California in pursuing rape charges against Plaintiff. Plaintiff asserts that these false criminal charges resulted in a hung jury and that he is currently incarcerated pending retrial of the matter. Plaintiff also seeks to proceed in forma pauperis under 28 U.S.C. § 1915 (docket no. 2).

**DISCUSSION**

A.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint

1  "is frivolous, malicious, or fails to state a claim upon which relief may be
2  granted," or "seeks monetary relief from a defendant who is immune from such
3  relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however.
4  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

5       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two
6  elements: (1) that a right secured by the Constitution or laws of the United States
7  was violated, and (2) that the alleged violation was committed by a person acting
8  under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

9  B.   Legal Claims

10      In order to recover damages for allegedly unconstitutional conviction or
11 imprisonment, or for other harm caused by actions whose unlawfulness would
12 render a conviction or sentence invalid, a § 1983 plaintiff must prove that the
13 conviction or sentence has been reversed on direct appeal, expunged by executive
14 order, declared invalid by a state tribunal authorized to make such determination,
15 or called into question by a federal court's issuance of a writ of habeas corpus.
16 Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  A claim for damages bearing
17 that relationship to a conviction or sentence that has not been so invalidated is not
18 cognizable under § 1983.  Id. at 487.

19      When a prisoner seeks damages in a § 1983 suit, the district court must
20 therefore consider whether a judgment in favor of the plaintiff would necessarily
21 imply the invalidity of his conviction or sentence; if it would, the complaint must
22 be dismissed unless the plaintiff can demonstrate that the conviction or sentence
23 has already been invalidated.  See id.  Heck bars claims which necessarily
24 implicate the validity of pending criminal charges.  See Harvey v. Waldron, 210
25 F.3d 1008, 1014 (9th Cir. 2000).  A civil claim which necessarily implicates the
26 validity of pending criminal charges does not accrue until after one has succeeded
27
28     2

in the criminal realm. See id. (citing Heck).

A judgment in favor of the Plaintiff here would imply the invalidity of pending criminal charges against him. The instant allegations therefore fail to state a cognizable claim under § 1983 and must be DISMISSED without prejudice. See Edwards v. Balisok, 520 U.S. 641, 649 (1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).[1]

## CONCLUSION

For the foregoing reasons, plaintiff's request to proceed in forma pauperis (docket no. 2) is DENIED and the instant allegations are DISMISSED without prejudice to reasserting them in a new complaint if a cause of action accrues.

The Clerk shall enter judgment in accordance with this order, terminate all pending motions as moot and close the file.

SO ORDERED.

DATED:   03/06/07

THELTON E. HENDERSON
United States District Judge

---

[1] And to whatever extent Plaintiff seeks to challenge either the fact or duration of his confinement, his sole remedy is to file a petition for writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. See Calderon v. Ashmus, 523 U.S. 740, 747 (1998). Any such claim therefore is dismissed without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d at 586.

3